UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CURRY,

    Plaintiff,

v.                                                    Case No. 8:22-cv-325-VMC-CPT

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is *Plaintiff[ John Curry]'s Opposed Motion to Award Attorneys' Fees* pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (FLSA or the Act). (Doc. 29). For the reasons discussed below, I respectfully recommend that Curry's motion be granted.

I.

This FLSA case emanates from a class action brought in the District of South Carolina by an individual who is not a party to this lawsuit, Anthony Wright. *See Wright, et al. v. Waste Pro USA, Inc., et al.*, No. 2:17-cv-2654-DCN (D.S.C.). Wright initiated the class action in October 2017 against the Defendant in this matter—Waste Pro of Florida, Inc. (Waste Pro)—as well as two other Waste Pro entities, asserting

various claims under the Act and a South Carolina statute. *Id*. at (Doc. 1) (D.S.C. Oct. 2, 2017).

Nearly two years later, in July 2019, the district court in South Carolina dismissed certain parties in the Wright litigation, including Waste Pro. *Id.* at (Doc. 170) (D.S.C. July 25, 2019). The next month, Wright re-filed a collective action complaint in the Southern District of Florida, naming Waste Pro as one of the defendants. *See Wright, et al. v. Waste Pro USA, Inc., et al.*, 0:19-cv-62051-KMM, at (Doc. 1) (S.D. Fla. Aug. 15, 2019). Curry formally sought to join that case in February 2021. *Id.* at (Doc. 162-1 at 33) (S.D. Fla. Feb. 3, 2021).

In January 2022, however, the court in the Southern District of Florida decertified the collective action and dismissed the claims of the opt-in plaintiffs, including those brought by Curry. *Id.* at (Doc. 291) (S.D. Fla. Jan. 11, 2022). Curry then filed this suit against Waste Pro in this District, seeking unpaid overtime wages and other damages. (Doc. 1).

In May 2022, the parties reached an agreed-upon resolution of their dispute for a stated sum exclusive of attorneys' fees and costs. (Doc. 25). The Court subsequently approved the parties' agreement in accordance with *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), and the Clerk of Court entered Judgment in Curry's favor the next day. (Docs. 26, 27).

Curry's instant fee motion followed. (Doc. 29). Although Waste Pro originally advised Curry that it objected to his fee request, *see id.* at 11, Waste Pro has not

responded to Curry's motion, and the time for doing so has elapsed, *see* M.D. Fla. R. 3.01(c). Accordingly, Curry's fee request is deemed unopposed. *See id.*

## II.

In this District, Local Rule 7.01 creates a bifurcated process for parties seeking the Court's approval of post-judgment attorneys' fees and related non-taxable expenses. M.D. Fla. R. 7.01. Under this provision, a party must first timely move the Court for a determination of the party's entitlement to such reimbursement. M.D. Fla. R. 7.01(b). If the Court grants that motion, the fee applicant must—within forty-five days of the Court's order—submit a supplemental motion that complies with certain requirements. M.D. Fla. R. 7.01(c).

In accordance with the first prong of Local Rule 7.01(c), Curry now asks the Court to enter an Order establishing his right to attorneys' fees and costs under the FLSA. (Doc. 29). The FLSA authorizes such relief where a plaintiff secures a judgement in his favor pursuant to the Act. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (noting that a prevailing plaintiff in an FLSA lawsuit is eligible for a grant of attorneys' fees and costs). As Curry has obtained a judgment in his favor here (Doc. 27), he is entitled to recover attorneys' fees and costs. *See Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 795 (11th Cir. 2013) (per curiam) (upholding a FLSA fee award where the district court approved the parties' settlement with the defendant and then entered judgment for the

plaintiff).[1]  Waste Pro has failed to show why such a finding is not warranted in this case, and—as noted above—has not even responded to Curry's fee motion.

With respect to the amount of attorneys' fees and costs to be awarded, a resolution of those issues must await the filing of a proper motion under the second prong of Local Rule 7.01(c).  M.D. Fla. R. 7.01(c).  That determination may include a consideration of whether, and the extent to which, Curry is permitted to collect fees for services rendered in the South Carolina and/or Southern District of Florida actions.  *See Rivera v. Waste Pro of Fla., Inc.*, 2022 WL 2490505 (M.D. Fla. June 21, 2022) (concluding that an opt-in plaintiff in the Southern District of Florida lawsuit was entitled to attorneys' fees but that it was premature to decide whether the work performed in the Southern District of Florida matter benefited the plaintiff in his later filed individual case), *report and recommendation adopted*, 2022 WL 2464473 (M.D. Fla. July 6, 2022).

### III.

In light of all the above, I respectfully recommend:

1. Curry's opposed motion for an award of attorneys' fees (Doc. 29) be granted; and

2. Curry be directed to file a supplemental motion that complies with Local Rule 7.01(c).

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Respectfully submitted this 6th day of December 2022.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record